UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-00666

JIMMY AUSTIN SOWELL,

        Plaintiff,

v.

BLOOMIN' BRANDS, INC. and
OUTBACK STEAKHOUSE OF
FLORIDA, LLC,

        Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL
### (INJUNCTIVE RELIEF DEMANDED)

JIMMY AUSTIN SOWELL ("Sowell"), by and through his undersigned counsel, hereby brings this Complaint against Defendants BLOOMIN' BRANDS, INC. and OUTBACK STEAKHOUSE OF FLORIDA, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Sowell brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, distribute, and publicly perform—

including by means of a digital audio transmission—his original copyrighted work of authorship.

2. Defendant BLOOMIN' BRANDS, INC. ("Bloomin' Brands") is one of the world's largest casual dining restaurant companies, headquartered in Tampa, Florida. Founded in 1988, the company owns and operates a portfolio of founder-inspired dining concepts, including Outback Steakhouse, Carrabba's Italian Grill, Bonefish Grill, and Fleming's Prime Steakhouse & Wine Bar. Bloomin' Brands operates more than 1,450 restaurants worldwide across owned and franchised locations, serving markets in North America, Asia, South America, and Australia. It employs roughly 81,000 team members and generates billions in annual revenue.

3. Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC ("Outback") is a Florida-based limited liability company associated with the Outback Steakhouse restaurant brand, and functions as a business entity within the larger Bloomin' Brands/OSI Restaurant Partners corporate family, serving as part of the operational and administrative structure behind the Outback Steakhouse chain. Outback Steakhouse itself is a casual, full-service restaurant concept focused on steaks, bold flavors, and Australian-inspired décor, offering

franchise opportunities through Outback Steakhouse of Florida, LLC as the franchisor entity. At all times relevant herein, upon information and belief, Outback owned and operated the Instagram page "outback" located at the internet URL www.instagram.com/outback and the TikTok page "outback_official" located at the internet URL www.tiktok.com/@outback_official (collectively referred to herein as the "Outback Social Media Pages").

4. Defendants Bloomin' Brands and Outback are collectively referred to herein as "Defendants".

5. Sowell alleges that Defendants copied Sowell's copyrighted Work in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendants are subject to personal jurisdiction in Florida.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district,

Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## PLAINTIFF

10. Sowell is an actor, comedian, rapper, TikToker and content creator. Sowell goes by the handle "nerdork" on Instagram, "nerdork0" on TikTok, "NerdorkNation" on YouTube, and "Jimmy Sowell nerdork" on Threads. Sowell has over 1.4M followers on Instagram, 2M followers on TikTok, almost 600k followers on Facebook, 308k subscribers on YouTube, and 214k followers on Threads.

## THE COPYRIGHTED WORK AT ISSUE

11. Sowell owns all the rights to the sound recording, "I understood the assignment - nerdork" (referred to herein as the "Work").

12. Sowell registered the Work with the Register of Copyrights on August 13, 2025, and was assigned registration number SR 1-049-438. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Plaintiff's original Work has garnered a substantial and loyal following—exceeding 2 million views on TikTok—which evidences its inherent market influence. The Work has achieved significant streaming success and social media engagement across multiple platforms.

14. The Work was never distributed as royalty-free to commercial users.

15. The Work is not contained in any commercial music libraries licensed to Meta, TikTok, or other social networks.

16. The Work is only available for commercial use subject to license.

## INFRINGEMENT BY DEFENDANTS

17. Defendants were never licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work was created, but prior to the filing of this action, Defendants copied, distributed, and publicly performed the Work.

19. Sowell discovered the unauthorized use of his Work on the Outback Social Media Pages, posted twice on or about October 6, 2023, and June 1, 2025. The October 6, 2023, post garnered at least 2,000 likes and 86,500 views on Instagram. The June 1, 2025, post garnered at least 9,920 likes on Instagram and 21,800 likes on TikTok. The June 1, 2025, post garnered at least 3,800,000 views on TikTok and at least 310,000 views on Instagram, totaling over 4,100,000 views.

20. Defendants copied the Work without Sowell's permission.

21. After Defendants copied the Work, Defendants distributed and publicly performed—including by means of a digital audio transmission—the

Work as advertising to promote the sale of products or services offered, made, owned, manufactured, distributed, and sold by Defendants.

22. Defendants copied, distributed, and publicly performed the Work to advertise, market, and promote their social media pages, grow their social media subscriber bases, earn money from advertising to their social media followers, and engage in other money-making business activities using the Work.

23. Defendants committed these violations alleged in connection with Defendants' business for purposes of advertising to the public.

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

25. Sowell never gave Defendants permission or authority to copy, distribute. or publicly perform the Work.

26. Sowell notified Defendants of the allegations, but to date the parties have failed to resolve this matter.

27. As of March 12, 2026, the October 6, 2023, post is still live on Instagram at www.instagram.com/reel/CyEzf7Wui2Z/.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Sowell incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Sowell owns a valid copyright in the Work at issue in this case.

30. Sowell registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Defendants copied, distributed, and publicly performed the Work at issue in this case without Sowell's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of their business activities.

33. Defendants' acts were willful.

34. Sowell has been damaged.

35. The harm caused to Sowell is irreparable.

WHEREFORE, Jimmy Austin Sowell prays for judgment against Defendants BLOOMIN' BRANDS, INC. and OUTBACK STEAKHOUSE OF FLORIDA, LLC that:

A. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and

permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

B.  Defendants be required to pay Sowell's actual damages and Defendants' profits attributable to the infringement, or, at Sowell's election, statutory damages, as provided in 17 U.S.C. § 504;

C.  Sowell be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

D.  Sowell be awarded pre- and post-judgment interest; and

E.  Sowell be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Sowell hereby demands a trial by jury of all issues so triable.

Dated: March 13, 2026                    Respectfully submitted,

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN
Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone

561.404.4353 – Facsimile

*Counsel for Plaintiff Jimmy Austin Sowell*